No. 11-1265 - *State Farm Fire & Casualty Company v. Robin Skinner Prinz, the Personal Representative of the Estate of Kyle Hoffman, Jr.*

**FILED**

May 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum, concurring:

Now that this Court has finally abolished the antiquated and unfair Dead Man's Statute, we need to modify our *Rules of Evidence* to deal with this type testimony. This Court recently appointed a committee to recommend revisions to the *Rules of Evidence*. I am hopeful the committee will recommend changes that give specific guidelines to our trial judges relating to transactions, communications and/or statements by or with a decedent. I believe two simple changes to our *Rules of Evidence* would accomplish this goal. These changes are:

1. Rule 601 should be amended to read, "Every person is competent to be a witness except as otherwise provided in these rules." There no longer needs to be an exception for the Dead Man's Statute.

2. A new rule should be added to the hearsay exceptions, one similar to New Hampshire's Rule of Evidence 804(b)(5) and California's Evidence Code §1261. The new hearsay rule would state:

> In actions, suits or proceedings by or against the representatives of deceased persons, including proceedings for the probate of wills, any statement of the deceased, whether written or oral, shall not be excluded as hearsay provided the Trial Judge shall first find as a fact that the statement was made by the decedent, that it was made in good faith and on the decedent's personal knowledge, and the

1

statement was made under circumstances such as to indicate it was trustworthy. [1]

In the meantime, judges should assess the admissibility of such evidence under the above guidelines and the "catch-all" provision of Rule 804(b)(5). [2]

---

[1] *See* Ed Wallis, *An Outdated Form of Evidentiary Law; A Survey of Dead Man's Statutes and A Proposal for Change*, 53 Clev. St. L. Rev. 75 (2005); Wesley P. Page, *Dead Man Talking: A Historical Analysis of West Virginia's Dead Man's Statute and a Recommendation For Reform*, 109 W. Va. L. Rev. 897 (2007); and Roy R. Ray, *Dead Man's Statutes*, 24 Ohio St. L. J. 89 (1963).

[2] Rule 804(b)(5) covers those situations where a declarant is unavailable – say, "unable to be present or to testify at the hearing because of death" – and the evidence sought to be admitted is hearsay but not one of four specific exceptions: former testimony, a statement made under belief of impending death, a statement against interest, or a statement of personal or family history. Rule 804(b)(5) states:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: . . .

> (5) . . . A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.